IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| TERRANCE PETTIWAY, #218 988 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 2:03-CV-159-F |
| JAMES DELOACH, WARDEN, *et al.*, | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Terrance Pettiway ["Pettiway"], a state inmate, on February 6, 2003. In this petition, Pettiway challenges his convictions for felony murder and robbery, pursuant to his plea of guilty, entered against him by the Circuit Court for Montgomery County, Alabama on August 22, 2001. The trial court sentenced Petitioner on September 13, 2001 to concurrent life terms of imprisonment. Pettiway filed notice of appeal filed on November 9, 2001. The Alabama Court of Criminal Appeals dismissed the appeal as untimely on November 19, 2001. (Doc. No. 8, Exhs. A, B.)

Pettiway filed a Rule 32 petition on February 27, 2002. The state court denied the petition on March 5, 2002. Petitioner appealed the lower court's decision. The Alabama

Court of Criminal Appeals affirmed the trial court's decision on June 21, 2002. (Doc. No. 8, Exhs. C, D, E.)

In the instant federal habeas petition, Pettiway presents the following claims for relief:

1. He was denied effective assistance of trial counsel;

2. He failed to file a timely appeal through no fault of his own;

3. His guilty plea was not knowingly and voluntarily entered;

4. The post-conviction court erred in failing to grant him an out-of-time appeal;

5. The post-conviction court erred when it summarily dismissed his Rule 32 petition.

Respondents filed an answer on April 11, 2003 in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that Pettiway's habeas petition is due to be denied because his claims are procedurally barred from review by this court. (Doc. No. 8.) In support of their procedural default argument, Respondents contend that Petitioner failed to present his claims to the state courts and/or failed to present them in accordance with state procedural rules. (*Id*.)

Pettiway was provided an opportunity to file a response to the answer of Respondents and has done so. (*See* Doc. No. 10.) Upon review of the § 2254 petition, the answer of Respondents and Petitioner's, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

As noted, Petitioner failed to file a timely appeal following entry of his guilty plea. Pettiway filed a Rule 32 petition on February 27, 2002 wherein he argued that he received ineffective of counsel when counsel ineffectively negotiated a plea agreement and when he failed to file an appeal despite Petitioner's express request that he do so. The trial court summarily dismissed Pettiway's Rule 32 petition on March 5, 2002. The Alabama Court of Criminal Appeals affirmed the lower court's decision. Specifically, the appellate court found:

> The appellant, Terrance Pettiway, filed a Rule 32, Ala. R.Crim.P., petition challenging his guilty plea convictions for felony murder and first degree robbery and his two sentences of life imprisonment. Without requiring a response from the State, the trial court summarily dismissed Pettiway's petition.
>
> In his brief to this Court, Pettiway argues that the trial court erred in denying his petition without first requiring an answer from the State and without making specific findings of fact. These issues are raised for the first time on appeal and have not been preserved for appellate review. *Arrington v. State*, 727 So.2d 89 (Ala. Crim. App. 1997).
>
> Pettiway has abandoned on appeal the claims presented in his Rule 32 petition. *See Brownlee v. State*, 666 So.2d 91 (Ala. Crim. App. 1995).
>
> As there is no issue which is properly before this Court for review, the judgment of the trial court is due to be affirmed.

(Doc. No. 8, Exh. E.)

Here, the state appellate court correctly determined that Petitioner abandoned on appeal the claims he presented in his Rule 32 petition. *See Harris v. Reed*, 489 U.S. 255

(1989) (where a state court has issued a plain statement that a claim is procedurally defaulted due to a petitioner's failure to present the claim in accordance with state procedural rules, the claim is barred from federal review); *Collier v. Jones*, 910 F.2d 770 (11th Cir. 1990) (same); *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief.").

This court may reach the merits of a petitioner's procedurally defaulted claims only if the petitioner shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims. *Schlup v. Delo*, 513 U.S. 298, 320 (1995).

The court has reviewed Petitioner's response to Respondents' answer and finds that he has failed to show that he did not violate applicable state procedural rules. Consequently, the court finds that Petitioner has presented nothing to establish cause for his default. Nevertheless, this court may still reach the merits of the defaulted claims in order to prevent a fundamental miscarriage of justice.

The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional

violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (*citing Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "To establish actual innocence, [Gray] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623 (1998) (*citing Schlup*, 513 U.S. at 327-328). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Petitioner has presented nothing to this court which demonstrates the requisite showing of actual innocence. His procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DENIED and this case be DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 5, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of June, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE