IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

TERRANCE PETTIWAY, #218 988            *

    Petitioner,                                    *

        v.                                         * CIVIL ACTION NO. 2:03-CV-159-F
                                                  (WO)

JAMES DELOACH, WARDEN, *et al*.,       *

    Respondents.                                 *

_____

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 6, 2005 Petitioner filed objections to the June 21, 2005 Recommendation of the Magistrate Judge that his 28 U.S.C. § 2254 petition for habeas corpus relief be denied and dismissed with prejudice. (Doc. No. 13.) Upon review of Petitioner's objections, the court directed Respondents to file a supplemental answer addressing Petitioners' contention that "he just learned that the lower state courts <u>did</u> not have jurisdiction to make any ruling concerning his Rule 32, <u>A.R.Cr.P.</u>, petition . . .[because] the [state court] never required Pettiway to pay a filing fee, or submit an 'in forma pauperis' application to the court, thereby, rendering the court to be without jurisdiction to rule on anything put before it, . . ." and that as a result, "all that [] transpired in the filings, rulings, and judgments in the state courts of Alabama are now meaningless before this court in this case." (*Id*.)

Respondents filed their supplemental answer on August 9, 2005. (*See* Doc. No. 18.) Upon review of this pleading, the court concludes that Petitioner's objections are without merit. In the interest of justice, however, the court deems it appropriate to supplement its previous Recommendation in light of the contention raised by Petitioner in his objections.

## I. DISCUSSION

Petitioner asserts that his state post-conviction proceedings may not be relied on to establish his procedural default with regard to the claims raised in his federal habeas petition because the state court neither required him to pay the requisite filing fee nor granted him *in forma pauperis* status before ruling on his Rule 32 petition. (Doc. No. 18). Petitioner argues that this omission by the state court left it without jurisdiction to rule on his post-conviction petition. Respondents note that while the case action summary for Petitioner's Rule 32 petition is silent on this question (*see* Doc. No. 8, Exh. A, pgs. 1-4), additional records of this proceeding do reflect that Petitioner proceeded *in forma pauperis* on his post-conviction petition and that he was allowed to continue *in forma pauperis* on appeal from lower court's ruling. (*See* Doc. No. 8, Exh. 8 pg. 14.) Respondents maintain, therefore, argue that Petitioner's § 2254 petition should be summarily dismissed as previously recommended.

Based on a thorough review of Petitioner's objections, Respondents' supplemental answer, and the records heretofore filed in this matter, the court finds that Petitioner's

2

contention lacks merit, and, accordingly, his objections to the June 21, 2005 Recommendation of the Magistrate Judge are due to be overruled.

## II. CONCLUSION

It is, therefore, the Supplemental Recommendation of the Magistrate Judge that:

1. Petitioner's objections (Doc. No. 13) to the the June 21, 2005 Recommendation of the Magistrate Judge be OVERRULED; and

2. The June 21, 2005 Recommendation of the Magistrate Judge that Petitioner's application for habeas corpus relief be denied and dismissed with prejudice (Doc. No.11) be ADOPTED by this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to said Supplemental Recommendation on or before **August 22, 2005**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Supplemental Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Supplemental Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of August, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE