IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRENCE PETTIWAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.. 2:03-CV-159-F |
| | ) | (WO) |
| JAMES DELOACH, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

# **ORDER**

On February 6, 2003, Terrence Pettiway (hereinafter "Pettiway"), a state prisoner, filed a 28 U.S.C. § 2254 petition for habeas corpus relief, challenging his convictions for felony murder and robbery, pursuant to his plea of guilty, entered against him by the Circuit Court for Montgomery, Alabama on August 22, 2001 (Doc # 1). On June 21, 2005, the United States Magistrate Judge entered a Report and Recommendation recommending that Pettiway's petition for habeas corpus relief be DENIED and the case be DISMISSED with prejudice. (Doc. # 11). On July 6, 2005, Pettiway filed an Objection to the Recommendation (Doc # 13). On August 9, 2005, the Magistrate Judge entered a Supplemental Recommendation recommending that petitioner's objection be OVERRULED and that the original June 21, 2005 Recommendation be ADOPTED by this Court (Doc # 19). On August 22, 2005, Pettiway filed an Objection to the Supplemental Recommendation (Doc. # 20).

This case is now before the Court on the Magistrate Judge's Supplemental Recommendation (Doc. #19) and Pettiway's Objection to the Supplemental Recommendation

(Doc. # 20). Upon an independent review of this case, the court finds that the petitioner's objections are due to be OVERRULED; the Magistrate Judge's Supplemental Recommendation is due to be ADOPTED in part and MODIFIED in part as set forth below.

In his objection to the Supplemental Recommendation, petitioner alleged that the state courts did not have jurisdiction over his Rule 32 petition and appeal thereof because the post-conviction court never required him to submit an *in forma pauperis* application. He maintained, therefore, that the state court rulings could not be relied on by this Court. In the Supplemental Recommendation, the Magistrate Judge correctly stated that

> while the case action summary for Petitioner's Rule 32 petition is silent on [the] question [of petitioner's *in forma pauperis* status] . . . , additional records of this proceeding do reflect that Petitioner proceeded *in forma pauperis* on his post-conviction petition and that he was allowed to continue *in forma pauperis* on his appeal from the lower court's ruling.

Supplemental Recommendation at 2.

Based on the records showing that petitioner proceeded *in forma pauperis*, the Magistrate Judge recommended overruling his objections and adopting the original June 21, 2005 Recommendation. In his objection, petitioner admits that Circuit Court Clerk made a notation on the notice of appeal form indicating that he was granted *in forma pauperis* status. However, the Supplemental Recommendation of the Magistrate Judge fails to address petitioner's assertion that such notation was insufficient to give the post-conviction court jurisdiction to rule on his Rule 32 petition.

Specifically, petitioner maintains that he never actually submitted a form request to

proceed *in forma pauperis* when he filed his Rule 32 petition, which left the post-conviction court without jurisdiction to rule on his petition without first either directing him to pay the filing fee or submit a request to proceed *in forma pauperis*.  The case petitioner cites in support of his argument, *Campbell v. State*, 883 So.2d 1271 (Ala. Cr. App. 2003), appears to support this proposition.  However, in *Ex Parte St. John*, 805 So.2d 684 (Ala. 2001), the Alabama Supreme Court noted that the trial court lacks jurisdiction to enter a ruling on a Rule 32 petition only

> if the record on appeal *affirmatively* shows that the petitioner did not either pay the trial court filing fee or obtain leave to proceed in forma pauperis before the trial court as required by Rule 32.6(a), Ala. R. Crim. P. . . . and either the state or petitioner has raised such failure as an issue on appeal.  Unless such failure is such an issue on appeal, no statute or rule requires the record on appeal to contain proof that the petitioner has paid the trial court filing fee or that the trial judge has granted leave to proceed in forma pauperis before the trial court.

*Ex Parte St. John*, 805 So.2d at 685-86.  In the present case, the notice of appeal indicated that petitioner was granted leave to proceed *in forma pauperis* in his Rule 32 proceeding. Furthermore, neither Pettiway nor the State raised on appeal any claim that the trial court either failed to require petitioner to pay the fee or failed to properly grant him leave to proceed *in forma pauperis*.  Therefore, petitioner cannot now claim that the trial court lacked jurisdiction to rule on his Rule 32 petition.

Thus, the Supplemental Recommendation of the Magistrate Judge is due to be MODIFIED accordingly to address petitioner's objection based upon *Campbell v. State*.  In all other respects, the Court finds that the remainder of the Supplemental Recommendation

is due to be ADOPTED.[1]  The Court finds that all of petitioner's objections are without merit and due to be OVERRULED.

Consistent with the above opinion, it is the ORDER, JUDGMENT, and DECREE of the Court:

1. That the objections filed by petitioner on August 22, 2005 (Doc. # 20) are OVERRULED;

2. That the Supplemental Recommendation of the Magistrate Judge entered on August 9, 2005, is hereby MODIFIED by adding the above reasoning addressing petitioner's objection made on the basis of *Campbell v. State* and ADOPTED in all other respects;

3. That petitioner's petition for habeas corpus relief be DENIED; and

4. That this case be DISMISSED with prejudice

The Court will enter a separate final judgment consistent with this Order.

DONE this 27th day of September, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] That is, the original June 21, 2005 Recommendation of the Magistrate Judge is due to be ADOPTED, modified only by the reasoning set forth above.